UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.170.192.129,<br><br>　　　　Defendant. | Case No.  23-cv-03761-BLF<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE UNREDACTED VERSIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT, PROPOSED SUMMONS, AND RETURN OF SERVICE UNDER SEAL**<br><br>[Re:  ECF 17] |

This is one of many copyright actions that Plaintiff has filed for infringement of its rights in its adult motion pictures. Plaintiff's original complaint identified Defendant as "John Doe." *See* Compl., ECF 1. Plaintiff subsequently discovered Defendant's identity, and has filed a first amended complaint ("FAC") alleging Defendant's name, address, and other identifying information. *See* FAC, ECF 16. Plaintiff redacted Defendant's personal identifying information from the FAC filed on the public docket, and then filed the present *Ex Parte* Application for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons, and Return of Service under Seal. *See* Ex Parte Applic., ECF 17. Plaintiff asserts that the requested sealing is necessary to protect Defendant's privacy. *See id.* The motion is brought *ex parte* because Defendant has not yet been served. *See id.*

Documents that are more than tangentially related to the merits of the case may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Moreover, in this district, a request for sealing must be "narrowly tailored to seal only the sealable material." Civ. L.R. 7-95(c)(3).

The Court concludes that the requirements for sealing are met here.  Given that the allegedly infringed works are adult motion pictures, the Court finds that privacy concerns regarding Defendant's identifying information constitute "compelling reasons" for sealing. Plaintiff's sealing request is narrowly tailored to address Defendant's name and identifying information.  At least one other district court in the Ninth Circuit has granted an identical sealing request by this Plaintiff, reasoning that in the early stage of the litigation the defendant was not in a position to assert the defendant's own privacy interests.  *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 20-CV-2117 TWR (LL), 2021 WL 1165108, at *1 (S.D. Cal. Mar. 26, 2021).  The district court ordered the parties to file a renewed motion to seal thirty days after the defendant entered an appearance.  *See id.*

Accordingly, Plaintiff's *ex parte* application is GRANTED, and the parties will be directed to file a renewed motion to seal after Defendant has entered an appearance.

**ORDER**

(1) Plaintiff's *Ex Parte* Application for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons, and Return of Service under Seal is GRANTED;

(2) The parties SHALL file a renewed motion to seal after Defendant enters an appearance; and

(3) This order terminates ECF 17.

Dated:  March 1, 2024

_____
BETH LABSON FREEMAN
United States District Judge

2